No. 09-3211

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: ERIC ARCHIE,

Movant.

O R D E R

FILED
Feb 12, 2010
LEONARD GREEN, Clerk

Before: ROGERS and WHITE, Circuit Judges; WISEMAN, District Judge.[*]

Eric Archie, an Ohio prisoner proceeding pro se, moves for leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. He also moves for the appointment of counsel and for an evidentiary hearing.

Archie is serving an eleven-year prison sentence for a 2002 plea-based conviction for attempted murder, with a firearm specification. He did not file a direct appeal or seek post-conviction relief. In July 2004, he filed a federal habeas corpus petition, arguing that the guilty plea was involuntary, his attorney was constitutionally ineffective, and he was denied the right to appeal. The district court dismissed the petition as untimely, and we dismissed the subsequent appeal for lack of jurisdiction.

Archie now moves this court for an order authorizing the filing of a second or successive habeas corpus petition raising two claims: the indictment contained an invalid charge, and his attorney misrepresented that fact in advising him to plead guilty. Assuming that these two claims are materially distinguishable from those presented in the previous petition, Archie must show that they rely on a new, retroactive rule of constitutional law that was previously unavailable, § 2244(b)(2)(A), or –

---

[*]The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying crime.

§ 2244(b)(2)(B). Archie must make a prima facie showing of entitlement to relief. § 2244(b)(3)(C); *In re Siggers*, 132 F.3d 333, 338 (6th Cir. 1997).

Archie fails to make the requisite showing under either prong of the statute. Therefore, the motion for an order authorizing the filing of a second or successive habeas corpus petition is denied. The motions for counsel and for an evidentiary hearing are likewise denied.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk